**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **PATRICK COSGROVE,** | : | |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO. 23-4380** |
| **NATIONAL RAILROAD PASSENGER** | : | |
| **CORPORATION** *doing business as* | : | |
| **AMTRAK,** | : | |
| *Defendant.* | : | |

## MEMORANDUM OPINION

Defendant National Railroad Passenger Corporation's ("Defendant" or "Amtrak")

Motion for Partial Dismissal of Plaintiff's Amended Complaint is granted because Pennsylvania

law does not permit Count V in Plaintiff's Amended Complaint.

### I.  BACKGROUND

Plaintiff Patrick Cosgrove worked as a Foreman for Amtrak since 2015.  ECF No. 1 ¶ 24

[hereinafter "Compl."].  Plaintiff is a member of The Brotherhood of Maintenance of Way

Employees union and subject to a Collective-Bargaining Agreement ("CBA") with Amtrak.  *See*

ECF No. 15-2 [hereinafter "CBA"].  Plaintiff suffers from chronic migraines, which he maintains

impairs his thinking, focus, and sleeping.  *Id.* ¶ 26.  Plaintiff contended that in February 2022, he

suffered a work-related injury to his hearing and subsequently visited a doctor to address his

injury.  *Id.* ¶¶ 35-38.  His doctor wrote "workers comp" as the reason for his visit.  *Id.* ¶ 38.

After his doctor visit, Plaintiff claimed that "Defendant and Plaintiff's supervisors appeared to

walk on eggshells around Plaintiff" and began "scrutinizing Plaintiff's work performance more

thoroughly."  *Id.* ¶¶ 39-40.

On April 4, 2022, Plaintiff was working a nightshift and experienced a "debilitating migraine." *Id.* ¶ 45. To alleviate his symptoms, Plaintiff sat inside a company vehicle and eventually fell asleep while inside the vehicle. *Id.* ¶ 50. When Plaintiff woke, he called a train control worker, who notified Plaintiff that he was trying to radio Plaintiff while Plaintiff was asleep. *Id.* ¶ 51-54. After this incident, Plaintiff's union representative notified Plaintiff that he had been put on paid suspension for falling asleep on the job, and he was ultimately discharged on July 17, 2022 after a hearing on the matter. *Id.* ¶¶ 56-61. In Plaintiff's view, Defendant had been looking for a reason to terminate Plaintiff after the work-related injury to his hearing. Compl. ¶ 40.

Plaintiff brought this civil matter on November 8, 2023 against Amtrak for alleged violations of the Americans with Disabilities Act, the Pennsylvania Human Relations Act, and the Family and Medical Leave Act. Compl. ¶¶ 73-125. Plaintiff filed an Amended Complaint on April 15, 2024, and Defendant subsequently filed a Motion for Partial Dismissal of Plaintiff's Amended Complaint, specifically dismissal of Count V. ECF No. 11 [hereinafter "Def. Mot."]. Thus, only Count V and the facts pertaining to it are at issue in this opinion. Plaintiff alleged in Count V that he was wrongfully discharged in violation of public policy under Pennsylvania law. Compl. ¶¶ 116-125.

## II.    **LEGAL STANDARD**

At the motion to dismiss stage, "a complaint must contain sufficient factual matter accepted as true, to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible when the complaint pleads sufficient facts that allow the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

2

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in a complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 566 U.S. at 678.

## III.    DISCUSSION

Count V of Plaintiff's Amended Complaint is dismissed because his claim is not cognizable under Pennsylvania law.[1] Moreover, Plaintiff is not permitted to further amend his Amended Complaint to state a claim under the Federal Employers' Liability Act ("FELA").

### a.    Count V is Dismissed Because it is Not Cognizable Under Pennsylvania Law.

Plaintiff asserted in Count V that Defendant wrongfully discharged Plaintiff for exercising his rights under the Pennsylvania Workers' Compensation Act. Compl. ¶¶ 120-21. He claimed that Defendant fired him because he sought medical treatment for his work-related injury in February 2022. *Id.* ¶¶ 122-25. Defendant did not argue the merits, but rather asserted that Plaintiff's claim is not cognizable under Pennsylvania Law because he was a union employee bound by the CBA.[2] Def. Mot. at 9-11.

Pennsylvania adheres to the at-will employment doctrine, meaning an employer can terminate an at-will employee for any reason unless it violates state law or public policy. *Weaver v. Harpster*, 601 Pa. 488, 500-01 (2009). However, state law does not extend this

---

[1] Plaintiff also alleged violations of federal law in his Amended Complaint, but Count V makes out a claim based on state law. This Court exercises supplemental jurisdiction to consider this state law claim and applies Pennsylvania law. *See* 28 U.S.C. § 1367.
[2] Defendant also argued that Plaintiff's claim is barred by the FELA, but the Court need not address this argument given that Plaintiff's claim is dismissed based on Pennsylvania state law.

exception to union workers that have CBA procedures to contest a termination decision. *Ciferni v. Day & Zimmerman, Inc.*, 529 F. App'x 199, 203 (3d Cir. 2013) ("Pennsylvania courts consistently have held, however, that those common law wrongful discharge suits cannot be brought by union employees subject to a CBA."); *see also Coppola v. Jneso-Pocono Med. Ctr.*, 400 F. App'x 683, 684 (3d Cir. 2010) ("union employees subject to collective bargaining agreements may not pursue wrongful discharge claims against former employers also is well established in Pennsylvania law"). Pennsylvania state courts established the public policy exception "to provide a remedy for employees with no other recourse against wrongful discharge." *Coppola*, 400 F. App'x at 684 (citing *Phillips v. Babcock & Wilcox*, 503 A.2d 36, 37 (1986)). Because union employees have contractual procedures in a CBA to contest employee termination without proper cause, the exception for at-will employees to file suit against public policy does not extend to union employees. *Id.* Union employees must use the procedures in the CBA agreement. *See Ciferni*, 529 F. App'x 199, 204 ("union-represented employees who wish to contest a termination or hiring decision as without proper cause must do so through the grievance procedure outlined in their CBAs and may not assert independent causes of action under Pennsylvania law, as the protection provided by the CBA negates any need for allowing an independent state law claim in the interest of public policy.").

Here, Plaintiff was a union member and had procedures outlined in the CBA to contest his termination.[3] *See* CBA at 67-70. As Plaintiff admitted, he had a hearing for his termination, as mandated by Rule 68 in the CBA—stating that "[e]mployees shall not be suspended nor dismissed from service without a fair and impartial trial." Compl. ¶ 59; CBA at 67. The CBA's

---

[3] Although Plaintiff did not provide the CBA in his pleadings, Defendant has provided the CBA in its motion papers. This Court may consider the CBA in making its ruling. *See Dykes v. Southeastern Pa. Transp. Auth.*, 68 F.3d 1564, 1567 n.3 (3d Cir. 1995) ("A court may consider an authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

4

procedures further outline that an employee must be given advance notice in writing of the charge against him; may be represented at the trial; must be given the trial record; must be notified of a disciplinary decision fifteen days before it becomes effective; may appeal the trial's outcome; and may be represented at the appeal. *Id*. at 67-70. Therefore, Plaintiff had CBA procedures to contest his termination, so the Pennsylvania public policy exception for at-will employees does not apply to him.

Plaintiff did not contest this point of law; rather, he argued that "[i]t is not clear from the pleadings that Plaintiff was actually protected form [sic] discharge without proper cause by the CBA, especially considering the Union's lack of representation of Plaintiff in this matter." ECF No. 14-1 at 4 [hereinafter "Pl. Resp."]. Plaintiff argued this question requires discovery and evaluation of the CBA. But as Defendant correctly pointed out, this issue is already settled by law; fact discovery is not needed to resolve it. ECF No. 15 at 8-9 [hereinafter "Def. Reply"]. The question is not whether Plaintiff received representation through his union for his trial, but whether he *could* have. Here, the CBA permitted Plaintiff to obtain representation, so whether he actually received union assistance to obtain representation is not legally relevant. *See Coppola*, 400 F. App'x at 684 (holding that dismissal of plaintiff's claim was proper even though "[t]he union investigated [the plaintiff's] termination, determined that it was justified, and declined to pursue a grievance on her behalf.").

### b. Plaintiff is Denied Leave to Amend His Complaint to Assert a Claim Under the FELA.

In Plaintiff's response to Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint, Plaintiff stated "if the Court instead believes this claim should have instead been pleaded as a FELA claim and is, in fact preempted by FELA, it should instead construe this

claim as a FELA claim or permit Plaintiff to amend to assert a FELA Claim." Pl. Resp. at 5.

However, this Court has not reached Defendant's FELA argument and instead dismissed

Plaintiff's claim on the ground that it is not cognizable under Pennsylvania law.

To the extent Plaintiff is requesting to amend Count V to assert a federal FELA claim

instead of a state law claim—regardless of this Court's disposition of Defendant's FELA

argument—that request is denied. It would be futile for Plaintiff to amend Count V to assert a

FELA claim because he has not set forth a colorable claim under the FELA, which requires

demonstrating a workplace injury due to the negligence of a railroad employer. *Bardo v. Norfolk

S. Ry. Co.*, 459 F. Supp. 3d 618, 623 (M.D. Pa. 2020). Plaintiff has not provided any factual

basis to support amending Count V from a state retaliation claim to a federal workplace injury

claim. Therefore, Plaintiff's request to amend is denied. *See Great Western Mining v. Fox

Rothschild*, 615 F.3d 159, 174-75 (3d Cir. 2010) (affirming District Court's decision to deny

plaintiff leave to amend their complaint, given that amendment would be futile).

## IV.    CONCLUSION

For the forgoing reasons, Defendant's Motion for Partial Dismissal of Plaintiff's

Amended Complaint is granted, and Plaintiff's request to amend his amended complaint is

denied.

**BY THE COURT:**

**HON. KAI N. SCOTT**
**United States District Court Judge**

6